IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )     No.  07-10192-01-WEB
                                  )
JOVELL M. CARTER,                 )
                                  )
            Defendant.            )
                                  )

### Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report and his argument for a variance below the advisory guideline range.  The court ruled orally on these issues at the sentencing hearing of April 18, 2008.  This written memorandum will supplement the court's oral rulings.

*Objections*.

1 & 2.  Defendant's first two objections to the Presentence Report concerned the amount of controlled substance involved in the offense and the resulting base offense level.  *See* PSR ¶26.  Recognizing that his arguments are contrary to the record, the defendant has now withdrawn the objections, Doc. 17 at 2, so they will be denied as moot.

3.  Defendant objects to application of an enhancement under USSG § 2D1.1(b)(1) for possession of a firearm.  Defendant argues he was in possession of a shotgun on December 18, 2006, when police searched his house, because he had recently been the victim of a drive-by shooting.  He argues the gun was for protection and was not related to his drug trafficking.

Once the Government shows a "temporal and spatial relation existed between the

weapon, the drug trafficking activity, and the defendant" (or in other words, "mere proximity to the offense"), the burden is on the defendant to show it was "clearly improbable" that the gun was connected to the drug offense. *See United States v. Pompey*, 264 F.3d 1176, 1180-81 (10th Cir. 2001). Defendant has not met this burden. He undoubtedly possessed the shotgun on December 18, 2006, for "protection," but his need for protection was likely connected to his drug trafficking. Moreover, he had a prior conviction for possessing marijuana and carrying a loaded firearm, and he also possessed a stolen firearm[1] and crack cocaine a few months later on April 25, 2007, all of which suggests that his possession of the shotgun was likely connected to his distribution of crack cocaine. The objection is therefore denied.

Defendant also asserted a belated objection to paragraph 47 of the PSR, because it states that Mr. Carter was a suspect in a shooting on November 11, 2005. Defendant denies that he was involved in that incident and argues the matter should be stricken from the PSR. The court declines to do so. Even if the defendant was not involved in the incident, the matter may be relevant for the BOP to consider in providing for appropriate placement of the defendant.

*Variance*. Defendant argues that a sentence of five years, which is the statutory minimum for this offense, is appropriate under Section 3553. Defendant argues he has made significant efforts toward rehabilitation; that he does not have significant criminal history ; and that the disparity between crack and powder cocaine under the guidelines should be considered by the court. He presented evidence from two witnesses who testified that the defendant impressed them with his statements and attitude about wanting to change his life.

---

[1] Because it was part of the same course of conduct as Count 3, the possession of the handgun on April 25, 2007 is considered relevant conduct under § 1B1.3 and would also support application of the enhancement under §2D1.1(b)(1).

Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:-the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After consideration of these factors, the court concludes that a sentence at the low end of the advisory guideline range is appropriate.  Such a sentence reflects the serious nature of an offense involving the distribution of drugs and the possession of a weapon, and will promote respect for the law and provide adequate deterrence.  Defendant's arguments about his desire to rehabilitate himself are commendable, but at this point they are outweighed by his actions. Defendant admits that he violated the conditions of his release on bond in this case by continuing to use drugs even while he was under the supervision of the probation office.  Under the circumstances, the court concludes that a guideline sentence of 70 months' imprisonment will

provide the defendant with the best opportunity to take advantage of educational and rehabilitation programs in an institutional setting.

*Conclusion*.

Defendant's objections to the Presentence Report and his request for a variance are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   21st   Day of April, 2008, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge